## *In re* CHAMPION.

### No. D-1.   Opinion Filed July 13, 1909.

### (103 Pac. 300.)

**ATTORNEY AND CLIENT—Unprofessional Conduct.** In a case where counsel representing a defendant in a criminal prosecution makes application for a continuance on account of the absence of material witnesses, who at the time of the presentation of the application are in fact present in the court room, but of which fact counsel in good faith is unaware, and at the time actually believed them to be absent, he is entitled, on charges of unprofessional conduct being brought against him on account of such application, to be exonerated.

(Syllabus by the Court.)

Original proceeding to investigate charges of unprofessional conduct against J. B. Champion, an attorney at law.    Proceedings dismissed.

*Benedict Elder,* Special Prosecutor for Bar Commission.

*J. B. Champion, pro se.*

*J. W. Scothorn, Ben. F. Williams,* and *Tom. D. McKeown,* Special Committee appointed to investigate charges.

DUNN, J.    March 12, 1909, there was filed in the office of the clerk of the Supreme Court a petition setting up that J. B. Champion is, and was at all times thereinafter mentioned, a member of the bar of Oklahoma, with his residence and office at Ardmore, and that for cause of complaint against him the petitioner averred:    That on or about the 8th day of December, 1908, respondent was employed by the defendant in the case of State v. Lovett Simpson, then pending before the district court of Carter county; that on or about that date respondent filed a motion for continuance on the grounds that certain material witnesses were absent without the respondent's knowledge, consent, or procurement; whereupon investigation was had, and it was found that said witnesses were not absent, but were at that time within the courtroom, and that respondent knew of that fact.    A committee,

consisting of John W. Scothorn, Benjamin F. Williams, and Tom D. McKeown, Esquires, was appointed to hear the evidence and make its report of law and fact with recommendations. This report is now before us and shows that the material element of the charges was unsustained. The special prosecutor, Mr. Elder, thereupon moved the committee to dismiss the charges against Mr. Champion, and the same was accordingly done by the committee, which made a recommendation that the same be approved by this court, which was done.

In this connection it is but just and proper to Mr. Champion to state that the averments of the complaint in reference to the presence of the witnesses in the courtroom were true; but there is absolutely no evidence to sustain the essential averments that he knew that they were present, while the evidence does show that he did not know that they were present, and that he presented the application for continuance in good faith and in the belief that the witnesses were in fact absent.

The proceedings are, accordingly, dismissed, and the respondent is exonerated.

All the Justices concur.